United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 11-12100-elf
Kenneth J. Oberholtzer                                                Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2         User: admin              Page 1 of 1         Date Rcvd: Aug 26, 2016
                             Form ID: 3180W           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 28, 2016.
```
db             Kenneth J. Oberholtzer,    647 Crescent Street,   Langhorne, PA 19047-5158
12391112       Emerg Care Serv of PA. P.C.,    PO Box 1109,   Minneapolis, MN 55440-1109
12423556       MMCA,   PO BOX 4401 Bridgeton, MO 63044
12546207      +Michael P. Kelly, Esquire,    402 Middletown Blvd.,    Suite 202,   Langhorne, Pa 19047-1818
12465107      +PNC BANK,   PO BOX 94982,    CLEVELAND,OH 44101-4982
12327836       Petrille Wind,   1208 Swamp Rd,   Fountainville, PA 18923-9619
12975000      +Portfolio Recovery Associates, LLC,    PO Box 14067,   Norfolk, VA 23518-0067
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: bankruptcy@phila.gov Aug 27 2016 02:10:09     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 27 2016 02:08:44
               Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 27 2016 02:09:13     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12472943       EDI: BECKLEE.COM Aug 27 2016 01:43:00     American Express Bank, FSB,   c o Becket and Lee LLP,
               POB 3001,   Malvern, PA 19355-0701
12581329      +EDI: BANKAMER.COM Aug 27 2016 01:43:00     Bank of America, N.A.,   Bankruptcy Department,
               Mail Stop TX2-982-03-03,    7105 Corporate Drive,   Plano, TX 75024-4100
12396872       EDI: CHASE.COM Aug 27 2016 01:43:00     Chase Bank USA NA,   PO BOX 15145,
               Wilmington, DE 19850-5145
12351652       EDI: DISCOVER.COM Aug 27 2016 01:43:00     Discover Bank,   DB Servicing Corporation,
               PO Box 3025,   New Albany, OH 43054-3025
12935106       EDI: AIS.COM Aug 27 2016 01:43:00     Midland Funding LLC,   by American InfoSource LP as agent,
               PO Box 4457,   Houston, TX 77210-4457
12498542      +EDI: OPHSUBSID.COM Aug 27 2016 01:43:00     Oak Harbor Capital II, L.L.C.,
               c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,   Seattle, WA 98121-3132
12692048       EDI: PRA.COM Aug 27 2016 01:43:00     Portfolio Recovery Associates, LLC,   PO Box 41067,
               Norfolk VA 23541
12397964      +E-mail/Text: rmbncreports@supermedia.com Aug 27 2016 02:08:52
               Super Media formely Idearc Media,    5601 Executive Drive,   Irving, Texas 75038-2508
                                                                                              TOTAL: 11

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12472944*      American Express Bank, FSB,   c o Becket and Lee LLP,   POB 3001,   Malvern, PA 19355-0701
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 28, 2016                              Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 25, 2016 at the address(es) listed below:
```
              ANN E. SWARTZ    on behalf of Creditor   Bank Of America, N.A. ecfmail@mwc-law.com,
               ecfmail@mwc-law.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   Bank Of America, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MICHAEL P. KELLY    on behalf of Debtor Kenneth J. Oberholtzer mpkpc@aol.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 5
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Kenneth J. Oberholtzer** | Social Security number or ITIN **xxx–xx–5670** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–12100–elf** | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Kenneth J. Oberholtzer

8/25/16                                                         **By the court:**   Eric L. Frank
                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                **Chapter 13 Discharge**                                page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**